J-S40013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS PAUL HAGGIE, | |
| Appellant | No. 1740 WDA 2018 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000553-2009

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 1, 2019**

Appellant, Thomas Paul Haggie, appeals *pro se* from the trial court's November 15, 2018 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We need not discuss the facts of Appellant's underlying convictions for purposes of this appeal. The PCRA court briefly summarized the procedural history of his case, as follows:

> [Appellant] was charged with Criminal Homicide,[1] Criminal Homicide of Unborn Child,[2] Criminal Conspiracy-Homicide,[3] and Criminal Conspiracy-Homicide of Unborn Child.[4] On December 8, 2010, [Appellant] knowingly and voluntarily entered into a guilty plea agreement and pled guilty to Murder of the First Degree (Section 2502(a)) and Murder of the First Degree of an Unborn Child (Section 2604(a)). The guilty plea agreement was signed by [Appellant] and his attorneys and was accompanied by a docketed Written Guilty Plea Colloquy that was also signed by

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] and his counsel. Subsequently, on January 13, 2011, [Appellant] was sentenced to two life sentences without the possibility of parole.

    [1] 18 Pa.C.S.[] § 2501(a)[.]
    [2] 18 Pa.C.S.[] § 2603(a)[.]
    [3] 18 Pa.C.S.[] § 903(a) and §2501(a)[.]
    [4] 18 Pa.C.S.[] §903(a) and §2603(a)[.]

    On October 24, 2018, [] Appellant … filed a *Pro Se* [PCRA] Petition…. This is his second PCRA [petition]. The court, citing to 42 Pa.C.S. § 9545(b), dismissed the second PCRA Petition as untimely. On December 6, 2018, [Appellant] filed a [timely, *pro se*] Notice of Appeal.

PCRA Court Opinion, 4/4/19.

The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After the court granted Appellant an extension of time to file his concise statement, Appellant timely did so on April 1, 2019. The court filed its Rule 1925(a) opinion on April 4, 2019.

Appellant presents the following, *verbatim* language in his "Statement of the Question Presented" portion of his appellate brief:

A. Was Appellant denied the effective assistance of counsel where trial counsel failed to object to the

Did the court err in ruling against Appeallant mental state prevented him from forming the specific intent necessary for a first-degree murder conviction

Yes

B. Did the court err in ruling against commission of criminal acts and pursuit of diminished capacity mental illness or lack of premeditation defenses

Yes

Appellant's Brief at 6 (unnumbered).

We also quote, *verbatim*, the entirety of Appellant's "Argument" section:

> The failure of trial counsel to uphold Appellant right make his own choices about the proper way to protect his own liberty by not investigation of wetness or crime snece. And by not investigation on the effect on the medication that Appellant was take

*Id.* at 9 (unnumbered).

Clearly, Appellant's argument is insufficient to allow us to meaningfully review the ineffectiveness claim he seemingly attempts to present on appeal. Additionally, Appellant's *pro se* petition is patently untimely under 42 Pa.C.S. § 9545(b)(1), and he has failed to demonstrate the applicability of any of the timeliness exceptions set forth in section 9545(b)(1)(i)-(iii). Therefore, we discern no error in the PCRA court's dismissing his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2019